IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:01-CV2536-G |
| MAXXON SOUTHWEST, INC., | § | |
| GYPSUM FLOORS OF TEXAS, INC., | § | |
| RAYMOND BREKKE, and GENERAL | § | |
| SUPPLY DECK AND FLOOR | § | |
| UNDERLAYMENT COMPANY, INC. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF RLI INSURANCE COMPANY'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND
COUNTERCLAIM OF MAXXON SOUTHWEST, INC;
<u>GYPSUM FLOORS OF TEXAS, INC. AND RAYMOND BREKKE</u>**

Plaintiff/Counter-Defendant, RLI Insurance Company ("RLI"), files its Answer to the First Amended Complaint for Declaratory Relief and Counterclaim of Maxxon Southwest, Inc.; Gypsum Floors of Texas, Inc. and Raymond Brekke ("the Brekke Defendants"), and would respectfully show the Court as follows:

### <u>REPLY</u>

In response to the allegations contained in the Brekke Defendants' First Amended Complaint for Declaratory Relief and Counterclaim ("the First Amended Counterclaim"), RLI responds as follows:

1.   RLI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Counterclaim.

2. RLI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Counterclaim.

3. RLI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Counterclaim.

4. RLI admits the allegations contained in paragraph 4 of the First Amended Counterclaim.

5. RLI admits the allegations contained in paragraph 5 of the First Amended Counterclaim.

6. RLI admits the allegations contained in paragraph 6 of the First Amended Counterclaim.

7. RLI admits the allegations contained in paragraph 7 of the First Amended Counterclaim.

8. RLI admits that the Brekke Defendants have been sued in federal court for alleged discrimination in the pricing and sale of gypsum cement. However, to the extent the Brekke Defendants have attempted to paraphrase or summarize the allegations asserted against them, RLI denies the remaining allegations in paragraph 8 of the First Amended Counterclaim as the underlying pleadings speak for themselves.

9. RLI admits it issued Gypsum Floors of Texas, Inc. two commercial umbrella liability insurance policies numbered OUL0044908, effective April 1, 2000 to April 1, 2001; and numbered OUL0048606, effective April 1, 2001 to April 1, 2002. RLI further admits that the RLI Policies contain limits of liability of $6,000,000 per occurrence in excess of a $1,000,000 personal and advertising limit, with a retained limit of $10,000. RLI further

admits that the RLI Policies contain the language set forth in paragraph 9 of the First Amended Counterclaim.

10. RLI admits it initially provided a defense to the Brekke Defendants in the Underlying Lawsuit, but states that it did so subject to a full and complete reservation of rights. RLI further admits it subsequently withdrew its defense of the Brekke Defendants in the Underlying Lawsuit and filed the present action. RLI further admits it has denied a duty to indemnify the Brekke Defendants for the costs incurred in settling the Underlying Lawsuit. However, to the extent the Brekke Defendants have attempted to paraphrase or summarize the allegations asserted against them, RLI denies the remaining allegations set forth in paragraph 10 of the First Amended Counterclaim as the underlying pleadings speak for themselves.

11. RLI admits the Brekke Defendants seek a declaratory judgment regarding defense and indemnity obligations under the RLI Policies, but denies that RLI's coverage denial and withdrawal of its defense was improper. RLI denies the remaining allegations contained in paragraph 11 of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12a. RLI admits that the Brekke Defendants have been sued in the Underlying Lawsuit for their alleged discrimination. RLI further admits that the RLI Policies define "personal injury" to include the term "discrimination" and that the term "discrimination" is not defined in the RLI Policies. RLI denies that the definition of "personal injury" can reasonably be construed to include claims for "price discrimination" or that these terms are ambiguous. RLI further denies the remaining allegations contained in paragraph 12a of the

First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12b. RLI admits that the RLI Policies contain the language set forth in paragraph 12b of the First Amended Counterclaim. However, to the extent the Brekke Defendants attempt to paraphrase or summarize the allegations asserted in the Underlying Lawsuit, RLI denies these allegations as the underlying pleadings speak for themselves. RLI further denies the remaining allegations contained in paragraph 12b of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12c. RLI admits that the RLI Policies contain the language set forth in paragraph 12c of the First Amended Counterclaim. However, to the extent the Brekke Defendants attempt to paraphrase or summarize the allegations asserted in the Underlying Lawsuit, RLI denies these allegations as the underlying pleadings speak for themselves. RLI further denies the remaining allegations contained in paragraph 12c of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12d. RLI admits that the RLI Policies contain the language set forth in paragraph 12d of the First Amended Counterclaim. However, to the extent the Brekke Defendants attempt to paraphrase or summarize the allegations asserted in the Underlying Lawsuit, RLI denies these allegations as the underlying pleadings speak for themselves. RLI further denies the remaining allegations contained in Paragraph 12d of the First Amended Counterclaim, and the additional unnumbered paragraph thereunder, and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12e. RLI denies the allegations regarding the "fortuity doctrine", to the extent the Brekke Defendants attempt to summarize the "fortuity doctrine," as it is a legal doctrine interpreted by Texas law. Further, to the extent the Brekke Defendants attempt to paraphrase or summarize the allegations asserted in the Underlying Lawsuit, RLI denies these allegations as the underlying pleadings speak for themselves. RLI further denies the remaining allegations contained in paragraph 12e of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12f. RLI admits that the RLI Policies require RLI to defend any suit or claim covered under the RLI Policies if not otherwise covered by the underlying primary policies. RLI is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Underlying Lawsuit is not covered by the primary policies underlying the RLI Policies. RLI denies the remaining allegations contained in Paragraph 12f of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

12g. RLI admits that the RLI Policies contain the language set forth therein. RLI denies the remaining allegations contained in Paragraph 12g of the First Amended Counterclaim, and the unnumbered paragraph thereunder, and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

13. RLI admits that Exhibit "C" attached to the First Amended Counterclaim appears to be a Release and Settlement Agreement entered into by all parties to the Underlying Lawsuit. RLI is without knowledge or information sufficient to form a belief as to the truth of the allegation that the settlement was reached in compromise of the "price discrimination" allegations asserted in the Underlying Lawsuit. RLI denies the remaining

allegations contained in Paragraph 13 of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

14. RLI denies the allegations contained in paragraph 14 of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

15. RLI denies the allegations contained in paragraph 15 of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

16. RLI denies the allegations contained in paragraph 16 of the First Amended Counterclaim and specifically denies that the Brekke Defendants are entitled to the relief requested therein.

17. RLI denies that the Brekke Defendants are entitled to the relief requested in paragraph 17 of the First Amended Counterclaim.

18. RLI denies that the Brekke Defendants are entitled to the relief requested in paragraph 18 of the First Amended Counterclaim.

## AFFIRMATIVE DEFENSES

For further answer, if such be necessary, RLI asserts the following affirmative defenses to the Brekke Defendants' First Amended Complaint for Declaratory Relief and Counterclaim:

1. The Brekke Defendants' cause of action for breach of contract is barred because the Brekke Defendants failed to perform or meet all conditions precedent, and such conditions have not been waived;

2. Coverage is precluded under the RLI Policies at issue for the claims asserted based upon the following provisions contained in the RLI Policies:

(a) The damages alleged in the Underlying Lawsuit do not arise from "personal injury" as defined in the RLI Policies;

(b) The conditions precedent to triggering a duty to defend have not been satisfied;

(c) The "financial impairment" condition prevents the RLI Policies from "dropping down" and assuming defense obligations of the underlying insurance;

(d) The RLI Policies exclude coverage for any "advertising injury" or "personal injury" arising out of any oral or written publication of material whose first publication took place before the beginning of the policy period;

(e) The RLI Policies exclude coverage for any "advertising injury" or "personal injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured;

(f) The RLI Policies contain an exclusionary endorsement excluding coverage for "personal injury" arising out of the intellectual hazard;

(g) Insurance provides coverage only for matters that are contingent, unknown or fortuitous. To the extent that the losses alleged in the Underlying Lawsuit were not contingent, unknown and fortuitous, there is no coverage under the RLI Policies as such coverage is void against public policy; and

(h) There may be other provisions of the policy which serve to preclude coverage for the claims at issue, none of which are waived by not being specifically pled herein.

3.	Coverage under the RLI Policies may be barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver, and equitable estoppel. To the extent that these equitable doctrines are applicable, the Brekke Defendants' claims are barred.

4.	The Brekke Defendants have failed to allege facts sufficient to establish any duty on RLI's part to defend the Brekke Defendants under the RLI Policies.

5.	The Brekke Defendants have failed to allege facts sufficient to establish any duty on RLI's part to indemnify the Brekke Defendants under the RLI Policies.

6.	To the extent that coverage, if any, is found under the RLI Policies, RLI is entitled to have such loss equitably apportioned among all insurers and policies also affording coverage for such loss, including any self-insurance or self-insured retention of the Brekke Defendants.

7.	To the extent that the Brekke Defendants failed to mitigate, minimize, or avoid any damages they allegedly sustained, recovery against RLI, if any, must be reduced by that amount.

8.	The Brekke Defendants are not entitled to any relief under Tex. Ins. Code art. 21.55 as it does not apply to third-party insurance such as that provided by the RLI Policies.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Counter-Defendant RLI Insurance Company respectfully requests that this Court enter judgment in its favor, ordering that the Brekke Defendants take nothing by this suit, and that it be granted such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

_____
GREG K. WINSLETT
State Bar No. 21781900
LISA M. HENDERSON
State Bar No. 24025423
STRASBURGER & PRICE, L.L.P.
901 Main Street, Suite 4300
Dallas, Texas  75202
(214) 651-4300
(214) 651-4330-Facsimile

ATTORNEYS FOR PLAINTIFF
RLI INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by certified mail, return receipt requested on this the 3rd day of October, 2002.

_____
GREG K. WINSLETT